THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN ROSELLO, JR., et al., Respondents.—

Concur — Capozzoli, McGivern and Kupferman, JJ.; Stevens, P. J., and Tilzer, J., dissent in the following memorandum by Tilzer, J.: I dissent and vote to affirm the order granting defendant's motion to suppress. I agree with the well-considered opinion by the trial court. The trial court while upholding the initial right to make the "immediate and summary street inquiry," ruled that such inquiry or investigation could not extend to a search of the interior of the car, which had been emptied of its occupants. The facts justify the trial court's conclusions. Although the initial inquiry and questioning of the defendant may be deemed proper, the full-scale search of the auto-

mobile which followed thereafter, constituted an illegal search. At the time the search was made there did not exist probable cause to believe that a crime had been or was about to be committed. While the throwing of the hunting knife from the car (concededly not thrown in the direction of the police officers), might have been a suspicious act, justifying the initial inquiry and direction to the defendants to leave the car, such conduct did not raise " the level of inference from suspicion to probable cause" (*People* v. *Corrado*, 22 N Y 2d 308, 313) justifying the search of the automobile. The possession of a hunting knife by itself, is concededly not a crime (Penal Law, § 265.05). Although it is a crime to possess such instrument if it were " adapted for use primarily as a weapon" (Penal Law, § 265.15, subd. 4), there was no showing or reason to believe that such knife was so adapted. That there was no probable cause to believe that the possession of the knife was unlawful is buttressed by the fact that the defendants were not arrested for nor charged with possession of the knife. Nor can the search be justified, as implied in the majority opinion of this court, as an attempt by the officer to insure his and his fellow officers' safety. The record shows that the search was made after the occupants, pursuant to the officer's direction, had vacated the car. And at the time of the search, the defendants were placed with their hands on the automobile and then on a nearby wall, at all times under guard by three armed officers. Under such circumstances it defies belief that the purpose of the search of the automobile was to provide for the safety of the officers. Indeed, the officer did not really testify that he believed that either he or his fellow officers' safety was in jeopardy at the time of the search. At most, the effect of his testimony was that in such situations he is always cautious and apprehensive. This apprehension of the officer, not supported by the objective facts, did not justify the search of the car. This conclusion and view of the evidence is further supported by the fact that the officers did not even feel it necessary to search the defendants until after they had completed the search of the automobile. The cases cited in the majority opinion are factually distinguishable and inapposite. *People* v. *Mack* (26 N Y 2d 311) and *People* v. *Rivera* (14 N Y 2d 441) involved a stop and frisk; a padding down of the defendant's clothing. The search herein went far beyond a padding down of one's clothing; it was a full scale search which must be predicated not merely on a reasonable suspicion (which would justify a frisk) but on probable cause (see *People* v. *Peters*, 18 N Y 2d 238; *People* v. *Corrado, supra*). In *People* v. *Rosemond* (26 N Y 2d 101) the court found that the initial inquiry was proper and in view of the answers given, in conjunction with the prior police observation, found that there was a reasonable ground for arrest, an element which as discussed above is clearly absent here. In *People* v. *McKnight* (26 N Y 2d 1034) the officer reached into the car while he was interrogating the defendant, who was at that time seated in the car. For all the reasons above discussed, the order appealed from should be affirmed.